UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

MARCIA S. OLIVER,

                        Plaintiff,

          - against -

THE BANK OF NEW YORK COMPANY, INC.,

                        Defendant.

-------------------------------------------------------------------------

No. 07 CV 7196 (JGK)

**ANSWER**

Defendant The Bank of New York ("BNY"), by its undersigned attorneys White & Case LLP, answers Plaintiff Marcia S. Oliver's Pro Se Form Complaint and attachment (collectively "Complaints") as follows:

### RESERVATION OF RIGHTS

BNY is continuing to investigate all matters raised in plaintiff's Complaints. As such, BNY reserves the right to supplement, modify or otherwise amend this Answer if and when additional information becomes available.

### ANSWER TO SPECIFIC ALLEGATIONS

BNY denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaints and each and every paragraph therein, except as follows:

1.     BNY admits that: (i) Plaintiff purports to invoke the jurisdiction of this Court pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17; Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634; Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117; and "may" purport to invoke jurisdiction under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the

Civil Rights Act of 1991, and any related claims under New York Law; (ii) BNY's business is located at One Wall Street, New York, New York 10286; (iii) Plaintiff was employed by defendant in Westchester County in New York; (iv) plaintiff filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") on or about February 8, 2007; and (v) a Workers' Compensation Hearing was held on or about September 2006.

2. BNY avers that: (i) plaintiff commenced employment with BNY on or about January 2001; (ii) plaintiff was placed on unpaid leave on or about November 2005; (iii) plaintiff claimed that she fell and was injured at her work cite on or about June 2005; (iv) BNY complied fully with respect to the Workers' Compensation process; (v) plaintiff's charge of discrimination against BNY was dismissed as untimely by the EEOC; and (vi) plaintiff's age and gender/sex discrimination claims have been dismissed.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaints fail to state, in whole or in part, a claim against BNY upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaints are barred, in whole or in part, by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaints are barred, in whole or in part, because plaintiff failed to exhaust administrative remedies with respect to plaintiff's federal and state law claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaints are barred, in whole or in part, because Plaintiff has failed to satisfy the requirements for bringing a claim pursuant to the New York City Administrative Code.

Dated: New York, New York
August 4, 2008

WHITE & CASE LLP

*/s/ Sharon Parella*
Sharon A. Parella (SP-5183)

1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for The Bank of New York

To:     Marcia S. Oliver
        19 Indian Field Drive
        Hamburg, New Jersey  07419

6729480