**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**MARCIA S. OLIVER,**

                  **Plaintiff,**         **07 Civ. 7196 (JGK)**

        - against -                **MEMORANDUM OPINION**
                                              **AND ORDER**
**THE BANK OF NEW YORK COMPANY, INC.,**

                  **Defendant.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

     The defendant Bank of New York Company, Inc. ("Bank of New York") has moved to dismiss pro se plaintiff Marcia S. Oliver's discrimination action pursuant to Federal Rule Civil Procedure 41(b) for failure to prosecute.

                                      I

     The plaintiff commenced this action on August 13, 2007 alleging race, gender, national origin, age, and disability discrimination based on her termination, failure to be promoted, and other alleged discriminatory acts. (Parella Aff. Exs. A, L.) In a January 9, 2008 order, the Court ordered the plaintiff to serve the summons and complaint on the defendant and warned the plaintiff that the failure to do so may lead to dismissal of the case without prejudice for failure to prosecute. (Parella Aff. Ex. L.) The plaintiff served the summons and complaint on the defendant on February 22, 2008. (Parella Aff. Ex. A.) On July 22, 2008, this Court dismissed the plaintiff's age and

gender/sex discrimination claims pursuant to the ADEA and Title VII because the plaintiff had failed to present them to the Equal Employment Opportunity Commission. (Parella Aff. Ex. B.)

In a letter dated January 30, 2009, the defendant notified the Court that it had been unable to serve discovery requests upon the plaintiff because the plaintiff had not provided a current mailing address.  (Parella Aff. Ex. M.)  In an order dated February 5, 2009, the Court directed the plaintiff to provide the defendant and the Court's Pro Se Office with a current address and to comply with the defendant's discovery requests.  (Parella Aff. Ex. M.)  The Court warned the plaintiff that "[a] failure to provide the defendant and the Court with a current address or a failure to comply with discovery requests may result in the dismissal of her case."  (Parella Aff. Ex. M.) The plaintiff failed to comply with the Court's February 5, 2009 order.  (Parella Aff. Ex. N.)  As a result, on March 5, 2009, this Court dismissed the plaintiff's complaint without prejudice pursuant to Federal Rule Civil Procedure 41(b) for failure to prosecute.  (Parella Aff. Ex. N.)

In an order dated April 8, 2009, the Court reopened the case after receiving a letter from the plaintiff with a current mailing address.  (Parella Aff. Ex. C.)  The Court advised the plaintiff that she should complete a change of address form with the Pro Se Office and that she should comply with the

2

defendant's discovery requests by April 24, 2009.  (Parella Aff. Ex. C.)  The Court also warned the plaintiff that if she failed to comply with the discovery requests, "the defendant may again move to dismiss this case for failure to prosecute."  (Parella Aff. Ex. C.)

In a letter dated May 18, 2009, the defendant informed the Court that the plaintiff had failed to comply with discovery requests as directed by the Court's April 8, 2009 order.  (Parella Aff. Ex. D.)  Specifically, the plaintiff had failed to provide responses to the defendant's interrogatories or responses to the defendant's request for documents.  (Parella Aff. Ex. D.)  In an order dated May 21, 2009, the Court again ordered the plaintiff to respond to the defendant's discovery requests by June 19, 2009.  (Parella Aff. Ex. E.)  The Court also warned the plaintiff "that the failure to respond to the discovery requests may be the basis for sanctions including the dismissal of the action." (Parella Aff. Ex. E.)

In a letter dated July 2, 2009, the defendant informed the Court that the plaintiff had failed to comply with the May 21, 2009 order and had again failed to provide any discovery responses.  (Parella Aff. Ex. G.)  The defendant also informed the Court that the plaintiff had failed to appear for her scheduled deposition on June 26, 2009.  (Parella Aff. Ex. G.)  On July 8, 2009, this Court again warned the plaintiff "that her

failure to respond to discovery is the basis for sanctions including the dismissal of this action." (Parella Aff. Ex. H.)

In an order dated July 8, 2009, the Court denied the plaintiff's request to excuse her appearance from the deposition. (Parella Aff. Ex. I.) The Court also reminded the plaintiff "that her case cannot proceed unless she participates in discovery. There is no basis for the plaintiff failing to appear for her deposition." (Parella Aff. Ex. I.)

On July 16, 2009, the defendant sent the plaintiff an amended notice of deposition for July 31, 2009. (Parella Aff. Ex. J.) The plaintiff failed to appear, did not seek an adjournment, and did not contact the defendant's counsel. (Parella Aff. ¶ 12.)

The plaintiff has responded that her failure to comply with the Court's orders was a result of her hospitalization from August 28, 2009 through October 16, 2009. (Pl.'s Mot. for Summ. J. and Extraordinary Relief.) She also explains that she is now required to take psychiatric medications. (Pl.'s Mot. for Summ. J. and Extraordinary Relief.)

On August 5, 2009, the defendant sent the plaintiff its notice of substitution of counsel. (Parella Aff. Ex. K.) However, the plaintiff has not made any contact with the defendant's counsel since this notice. (Parella Aff. ¶ 14.) On September 15, 2009, the defendant brought this motion to dismiss

4

for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

II

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  "[D]ismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.'"  United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).  Courts should be especially hesitant to dismiss a case when the failure is by a pro se litigant.  Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998).

The Court examines five principal factors to decide whether to grant a motion to dismiss for failure to prosecute: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court congestion against the plaintiff's right to due process and a fair chance to be heard; and (5) whether lesser sanctions would be adequate.

See Drake, 375 F.3d at 254; Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001); Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999); see also Beauford v. Doe # 1, No. 04 Civ. 7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2007).  No one factor is dispositive.  Martens, 273 F.3d at 180.

The first factor the Court considers is the duration of the plaintiff's failures.  Drake, 375 F.3d at 254.  This case has been pending for nearly three years and the Court has warned the plaintiff on several occasions that she was required to respond to discovery requests and appear for her deposition, but she failed to so.  The delays go back at least to January 2009, when the defendant advised the Court that the plaintiff had failed to provide a current mailing address where she could be served with discovery requests.  The plaintiff points to her hospitalization from August 28, 2009 through October 16, 2009 as excusing her inaction.  However, her period of hospitalization occurred after the plaintiff had been ordered to comply with her discovery obligations and, as such, does not provide an adequate explanation for her prior failure to prosecute her action.  Accordingly, the duration of the plaintiff's failures supports dismissal.

The second factor addresses whether the plaintiff had received notice that further delays could result in dismissal.  Id.  In this case, the Court warned the plaintiff on four

separate occasions that her failure to comply with discovery requests could warrant the dismissal of her case and cautioned the plaintiff that her case could not proceed unless she participated in discovery.  Despite these repeated notices and extensions of time to respond, the plaintiff did not comply with the Court's orders or her discovery obligations.  The plaintiff's failures to heed the Court's multiple warnings therefore supports the dismissal of this action.

The third factor looks at whether the defendant is likely to be prejudiced by further delay.  <u>Id.</u>  In the case of unreasonable delay, prejudice to the defendant may be presumed. <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 210 (2d Cir. 2001), although the Court of Appeals has also examined whether there is in fact prejudice from the delay.  Here, the defendant has not shown prejudice beyond the number of attempts it has to made to try to get the plaintiff to comply with discovery requests.  The defendant has not attempted to show that the length of the delay has prejudiced it in defending the case.  Of course, the case could not proceed unless the plaintiff cooperated in discovery.  This factor points towards dismissal in view of the plaintiff's persistent failure to participate in discovery.

The fourth factor addresses the balance between alleviating court calendar congestion and protecting a party's right to due

process and a fair chance to be heard. Drake, 375 F.3d at 254. Though every plaintiff has a right to be heard in court, this right may be limited in circumstances where a plaintiff has not diligently exercised this opportunity. See Europacific Asset Mgmt Corp. v. Tradescape, Corp., 233 F.R.D. 344, 354 (S.D.N.Y. 2005). The Court is not concerned with its own calendar, but the plaintiff's continued failure to participate in her own action imposes burdens on the defendant and takes time away from other litigants. Here, the plaintiff has had ample opportunity to pursue her action, but her failure to comply with discovery requests has caused the case to stall and required the Court to issue orders in an attempt to get the plaintiff to participate in the prosecution of her action. The plaintiff's apparent resistance to comply with court orders and discovery obligations are sufficient circumstances to limit her right to be heard in court. See Bonda Indus. (HK) Co. v. Talbot Group, LLC, No. 08 Civ. 5507, 2009 WL 159267, at *6 (S.D.N.Y. Jan. 22, 2009) (collecting cases). Therefore, the fourth factor also weighs in favor of dismissal.

    The final factor looks at the efficacy of lesser sanctions. Drake, 375 F.3d at 254. Here, it does not appear that lesser sanctions would effectively remedy the situation. The Court has previously dismissed the plaintiff's action without prejudice for failure to prosecute. In the order reopening the case, the

Court specifically advised the plaintiff of her obligation to comply with discovery requests and warned her that failure to do so may lead to another dismissal for failure to prosecute. During the pendency of the reopened case, the Court continued to remind the plaintiff of the necessity of her compliance with discovery obligations and warned her that the failure to do so could lead to the dismissal of her action.  The plaintiff's papers make it clear that monetary sanctions would not be effective or reasonable.  In light of the plaintiff's unwillingness to pursue her action by participating in discovery and complying with court orders, it does not appear that less severe sanctions would be effective.

III

The plaintiff's response to the defendant's motion to dismiss could also be read as a request for the appointment of counsel.  However, there is no basis for the appointment of counsel  because the plaintiff has failed to show that her claims are likely to have merit. See Cooper v. A. Sargenti Co., 877 F.2d 170, 171-74 (2d Cir. 1989); see also Henry v. Peake, No. 08 Civ. 6829, 2009 WL 4729932, at *7 (S.D.N.Y. Dec. 10, 2009).  The plaintiff's response could also be viewed as a request that judgment be entered in her favor, but there is no basis for that relief.

Conclusion

For the reasons explained above, the defendant's motion is **granted** and the plaintiff's complaint is **dismissed with prejudice.** The Clerk of the Court is directed to enter judgment and to close this case.

**SO ORDERED.**

**Dated: New York, New York**
**May 17, 2010**

**John G. Koeltl**
**United States District Judge**

